Rain Levy Minns, TX Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd, Suite 500
Austin, TX  78759
Tel.: 512-372-3222
Fax: 512-861-2403
rain@rainminnslaw.com

Bryan Boender, OSB #122823
Boender and Kerns, Attorneys
1188 Olive Street
Eugene, OR 97401
Tel.: 541-687-2378
Fax: 541-343-0969
bryan@oregonattys.com
(Local Counsel)

ATTORNEYS FOR CLAIMANT TALON V. WHITE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>vs.<br><br>935 SW 7TH ST., NEWPORT, OREGON,<br>Lincoln County, State and District of Oregon,<br>Real Property with Buildings, Appurtenances,<br>and Improvements, *in rem*,<br><br>           Defendant.<br><br>TALON V. WHITE,<br>           Claimant | Case No.  6:18-CV-02057-MA<br><br>**CLAIMANT TALON WHITE'S ANSWER AND AFFIRMATIVE DEFENSES TO CIVIL CLAIM FOR SEIZED PROPERTY** |

Claimant Talon V. White, by and through their undersigned counsel hereby files his *Answer and Affirmative Defenses to the Government's Civil Complaint for Forfeiture In Rem* (hereinafter "Complaint") and states:

CLAIMANT WHITE'S ANSWER AND AFFIRMATIVE DEFENSES                              1

I.

COUNT 1

1.     Claimant asserts that the allegations in paragraph 1 of the Complaint consists of legal conclusions regarding jurisdiction and venue to which no response is required. To the extent the Court requires a response, Claimant denies that this Court has jurisdiction over this action. Claimant further denies that acts or omissions giving rise to forfeiture in this district occurred.

II.

2.     Paragraph 2 of the Government's Complaint is comprised of mixed allegations of law and fact concerning the property in dispute in this cause of action. Claimant admits that the Defendant, *in rem*, in this cause of action is real property with buildings located at 935 SW 7th Street, Newport, Oregon, Lincoln County, State and District of Oregon (hereinafter referred to as the "Property"). Claimant must deny the allegation that the Defendant, *in rem*, also includes all "appurtenances" and "improvements" at the Property as those terms are undefined in the Complaint. For example, it is unclear in the Complaint if a heavy appliance such as a washing machine or hot water heater would be considered an "appurtenance" and if so, no explanation as to how such an appliance would be connected to illegal activity if, indeed, any occurred.  Claimant further denies that the Court has jurisdiction over the Property.

III.

3.     Paragraph 3 of the Government's Complaint consists of conclusory and nonspecific allegations that the Property was involved in Copyright Infringement in violation of 18 U.S.C. § 2319, and therefore subject to forfeiture pursuant to 18 U.S.C. § 2323 and 18 U.S.C. § 981(a)(1)(C). Regarding the legal conclusions contained in this paragraph, Claimant maintains that no response is required. To the extent the Court requires a response, Claimant denies all legal conclusions contained in paragraph 3. Claimant further lacks knowledge or information sufficient

to form a belief about the truth of all of the critical/important factual allegations contained in paragraph 3, including all referenced declarations of Keith Druffel incorporated therein, and must therefore deny the same.

## IV.

## COUNT II

4. Claimant asserts that the allegations in paragraph 4 of the Complaint are legal conclusions regarding jurisdiction and venue to which no response is required. To the extent the Court requires a response, Claimant denies that this Court has jurisdiction over this action. Claimant further denies that acts or omissions giving rise to forfeiture in this district occurred.

## V.

5. Paragraph 5 of the Government's Complaint consists of an allegation regarding jurisdiction, which Claimant denies.

## VI.

6. Paragraph 6 of the Government's Complaint consists of mixed conclusory allegations of law and fact in which the Government declares that the Property was involved in a money laundering transaction or attempted transaction or property traceable to money laundering offenses in violation of 18 U.S.C. § 1957 and therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). Regarding the legal conclusions contained in this paragraph, Claimant maintains that no response is required but denies the same out of abundance of caution. the truth of all of the critical/important factual allegations contained in paragraph 6, including the referenced declaratory statements of Keith Druffel incorporated therein, and must therefore deny the same.

7. Paragraph 7 of the Government's Complaint consists of its prayer that its requested relief is granted. Claimant denies that the Government is entitled to any of the relief requested.

## VII.

## JURY DEMAND

8.  Claimant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VIII.

## AFFIMATIVE DEFENSES

### First Affirmative Defense

9.  Claimant asserts that Government's Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

10. Claimant asserts that the Government's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

11. Claimant asserts that defective notice was provided to Claimant regarding seized property.

### Fourth Affirmative Defense

12. Claimant asserts that the Government's seizure of his property violates his Fourth Amendment right to be free from illegal searches and seizures. Claimant further asserts that the warrant(s) utilized to seize his property were impermissibly vague, based on misleading, incorrect or illegally obtained information, was otherwise defective, or was improperly executed.

### Fifth Affirmative Defense

13. Claimant asserts that the Government's seizure of his property violates rights afforded to him under the Fifth Amendment.

### Sixth Affirmative Defense

13. Claimant, as an innocent owner, did not know, or have reason to know, that the property in question was being employed or was likely to be employed in criminal activity.

### Seventh Affirmative Defense

14. Claimant acted in good faith at all times relevant to the Complaint.

### Eighth Affirmative Defense

15. Claimant asserts that the Government's taking of his property violates rights afforded to him under the Eighth Amendment.

### Ninth Affirmative Defense

16. Claimant asserts that the Government cannot obtain a forfeiture judgment because it has not acted in good faith.

### Tenth Affirmative Defense

17. Claimant asserts that the Government cannot establish a substantial connection between the Property at issue and alleged criminal activity.

### Eleventh Affirmative Defense

18. Claimant asserts that the Government cannot obtain its sought forfeiture judgment because the result would be constitutionally disproportionate.

### Reservation of Rights

19. Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

/ / /

/ / /

/ / /

/ / /

## VIII.

## **PRAYER**

20.	Wherefore premises considered, Claimant Talon V. White respectfully prays that the Court will dismiss the Government's Complaint, assess all costs against the Government and that the Court grant such other and further relief, at law or in equity, to which Claimant may prove to be justly entitled.

Respectfully submitted on April ___5th___, 2019.

_/s/ Rain Levy Minns_
Rain Levy Minns, TX Bar No. 24034581
Minns Law Firm, P.C.
d/b/a Rain Minns Law Firm
4412 Spicewood Springs Rd, Suite 500
Austin, TX  78759
Phone:  (512) 372-3222
Fax:     (512) 861-2403
E-mail:  rain@rainminnslaw.com


_/s/ Bryan Boender_
Bryan Boender, OSB No. 122823
Boender & Kerns Attorneys
1188 Olive Street
Eugene, Oregon 97401
Phone:  (541) 687-2378
Fax:     (541) 343-0969
E-mail:  bryan@oregonattys.com
(Local Counsel)

*Attorneys for Claimant White*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April __5th__, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will then send notice of electronic filing to all counsel of record.

Amy E. Potter, AUSA
United States Attorney's Office
1000 SW 3rd Ave., Suite 600
Portland, OR 97204
Tel: 541-465-6356
Amy.potter@usdoj.gov

>  */s/ Bryan Boender*
> BRYAN BOENDER
> *Local Counsel for Claimant White*